T. J. BOSQUETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88117.   Promulgated April 14, 1939.

*J. Lee Boothe, C. P. A.,* for the petitioner.
*V. F. Weekley, Esq.,* for the respondent.

OPINION.

TURNER: The petitioner is an individual and his address is 2074 National Bank Building, Detroit, Michigan. Disallowing certain deductions claimed by petitioner on his income tax return for 1934, the respondent has determined a deficiency for that year in the amount of $2,543.96. The petitioner makes no claim that the respondent erred in the disallowance of the deductions which resulted in the determination of the deficiency but has alleged in his petition that a deduction of $43,813.56 should be allowed as a loss sustained during the taxable year by reason of the seizure of certain "vacant real estate, by the proper governmental authority, for the nonpayment of local property taxes."

All of the facts appearing in the record were stipulated as follows:

1. On December 8, 1928, petitioner acquired 376 vacant lots situated in a municipality of Ontario, Canada. He made no improvement on the lots. He did execute deeds to 24 of the lots considered most valuable to his brother. The cost to petitioner of the remaining 352 lots was $43,813.56.

2. Petitioner failed to pay all of the taxes assessed against the 352 lots; and on February 14, 1934, taxes thereon remained due and unpaid.

3. On February 14, 1934, in accordance with the provisions of the Ontario Municipal Board Act (1932), being Chapter 27, Statutes of Ontario for that year (a copy of which is annexed hereto and marked petitioner's "Exhibit A"), the treasurer executed a tax arrears certificate, setting forth therein a description of the 352 lots, and he duly registered the certificate in the registry office on February 15, 1934.

4. Petitioner did not avail himself of his right of redemption under the Act referred to in Paragraph 3 hereof.

5. Petitioner filed his Federal income tax return for the year 1934 with the Collector at Detroit, Michigan.

The pertinent provisions of the Ontario statutes, sections 109 and 110, chapter 27 of the Ontario Municipal Board Act (1932), made a part of the above stipulation as petitioner's Exhibit A, read as follows:

109–(1) Where any part of the taxes on any vacant land within the municipality remains unpaid on the 31st day of December in the year next following that in which the taxes were levied, such vacant land shall be vested in and become the property of the corporation upon registration by the treasurer of a tax arrears certificate, subject to the right of redemption hereinafter provided and to the provisions of subsection 5.

\* \* \* \* \* \* \*

(3) The treasurer, with respect to vacant land upon which any part of the taxes remain unpaid after the time mentioned in subsection 1 and with respect to improved land upon which any part of the taxes remains unpaid after the time mentioned in subsection 2, may register in the registry office a certificate to be known as a tax arrears certificate, Form 1 to this Act, setting forth therein a description of such vacant land or improved land, as the case may be, and the amount of such unpaid taxes, with the amount of all penalties, interest and costs added thereto, and thereupon the land described in the certificate shall be vested in and become the property of the corporation, its successors and assigns, in fee simple or otherwise according to the nature of the estate right, title and interest whatsoever of the owners thereof at the time of such vesting, and clear of and free from all such estate right, title and interest, and all charges and encumbrances thereon and dower therein, subject only to the said right of redemption hereinafter provided and to the provisions of subsection 5.

(4) Immediately upon registration of a tax arrears certificate, the treasurer shall cause to be sent by registered mail to the last known address of the assessed owner of the land therein described and to all persons appearing by the records of the registry office to have an interest therein a written notice, Form 2 to this Act, of the registration of such certificate and of the last day for redemption of such land.

\* \* \* \* \* \* \*

110. The owner of or any person appearing by the records of the registry office to have an interest in any vacant land or improved land in respect of which a tax arrears certificate has been registered may redeem the same at any time within one year after the date of registration of the certificate by paying to the corporation the amount set forth in such certificate in respect of the land to be redeemed, together with the amount of all expenses incurred by the corporation and the treasurer in registering the certificates and for searches and postage and $1 for each certificate and for each notice sent under subsection 4 of section 109, and also by paying to the corporation all taxes including the local improvements rates and interest thereon which would have accrued against the land if it had remained the property of the former owner and had been liable for ordinary taxation and if the value thereof is not shown upon the assessment roll, such taxes shall be computed at the rate fixed by by-law for each year for which such taxes are payable upon the value placed thereon upon the assessment roll for the last preceding year in which it was assessed and the local improvement rates shall be computed at the rate fixed in the by-law by which the same were rated or imposed and upon the frontage as shown upon the list of properties and the frontages thereof as settled by the court of revision for such local improvement, and a certificate of the treasurer as

to the total amount payable in order to redeem the land shall be final and conclusive.

(2) Upon redemption being made under this section, the treasurer shall forthwith register in the registry office a certificate to be known as a redemption certificate. Form 3 to this Act, setting forth therein a description of the land redeemed, and a redemption certificate shall, subject to sub-section 3, when registered, be as valid and effective in law as a conveyance of the land described therein to the registered owner at the time of registration of the tax arrears certificate, his heirs or assigns, of the original estate of such registered owner and a valid and effectual cancellation of the tax arrears certificate registered with respect to such land.

\* \* \* \* \* \* \*

Since the petitioner at all times during 1934 retained and held the right to redeem the said lots upon the payment of the taxes in arrears and the charges incident to redemption, the respondent rests his claim that no deductible loss was sustained in the taxable year on the decisions of the Board in *Frederick Krauss*, 30 B. T. A. 62; *Herman M. Rhodes*, 34 B. T. A. 212; and *Derby Realty Corporation*, 35 B. T. A. 335. In the *Krauss* and *Rhodes* cases, the State of Florida had acquired the particular properties in the taxable years for the taxes due against them, while in the *Derby Realty Corporation* case the property was sold under mortgage foreclosure proceedings. In each case, however, the period within which the property might have been redeemed did not expire until some subsequent year and it was held that the taxpayer did not sustain a deductible loss of his investment in the property in the year of the tax or mortgage sale.

The petitioner claims that the instant case is distinguishable from the cases cited because of certain differences between the statutes of Ontario, where his property was located, and the statutes of the states involved in the above cases. His principal argument, as disclosed by his brief, seems to be that under the provisions of the Ontario statute the municipality acquires title to the property in fee and immediately thereafter the owner is ousted from possession and enjoyment of the property, while under the cases cited the owner had the right to remain in possession of the property until his right of redemption expired. Petitioner's conclusion that the taxing authority acquires right to possession is apparently inferred, since an examination of the statute cited by him fails to disclose any provision dealing directly with the right, during the period of redemption, to possession of property against which a tax arrears certificate has been issued. In our opinion the right to possession or the lack of such right, while it may throw some light on the matter, is not determinative of the issue. Our question here is whether the filing of the tax arrears certificate and the vesting of title to the real estate in the taxing authority divested petitioner of his ownership or rights in the property so as to justify or merit the conclusion that a loss of his

investment had been sustained, or whether under his right of redemption he retained substantial rights of ownership in the property so that it may not be said that he sustained a loss of his investment so long as he had the right to redeem the said property by payment of the taxes and charges incident to redemption.

Paragraph 3 of section 109 of the statute quoted above does contain language which, standing alone, might be taken to indicate the passage of all substantial interests of ownership to the taxing authority upon the filing of the tax arrears certificate. That paragraph concludes, however, with a provision to the effect that the rights which vest in the taxing authority are subject to the right of redemption thereinafter provided. Thereafter in section 110 of the statute it is provided that "The owner of * * * any vacant land or improved land in respect of which a tax arrears certificate has been registered may redeem the same at any time within one year after the date of registration of the certificate", by paying the taxes in arrears and the charges incident to such redemption, whereupon the treasurer of the taxing authority is required to "register in the registry office a certificate known as a redemption certificate", and the registration of such certificate effects the cancellation of the tax arrears certificate and the owner of the property is restored to his original status. It seems to us apparent that under the Ontario statute a landowner retains very definite and substantial rights in the property throughout the period in which it may be redeemed. We are therefore unable to conclude, as the petitioner requests, that the instant case is outside the rule pronounced in the cases cited above.

Subsequent to the filing of the briefs in this case, our decision in *Herman M. Rhodes, supra,* was reversed, 100 Fed. (2d) 966. The court said: "Standing alone, a tax sale of property is not an identifiable event showing its worthlessness to the owner the year of the sale, but if the taxpayer is financially able to pay the taxes and refuses to do so, the tax sale is of weight along with other events as to the time the loss became fixed." The court had previously stated, however, that the "identifiable events showing a loss" on the property were the same as those applicable to a loss claimed on another piece of property which had been written off petitioner's books as worthless. In allowing that loss the court had stressed the fact that during the taxable year there had been a collapse of land speculation in Florida; that a hurricane had damaged the property in the year next preceding and like damage had recurred in the taxable year; that the petitioner had made an unsuccessful effort in the prior year to sell the property and, after deciding upon complete abandonment, had charged the amount of his investment therein off his books; and that those acts and circumstances constituted a suf-

ficient basis for the allowance of the loss deduction claimed by him. In the instant case we have only the fact of petitioner's failure to pay the taxes and the filing of the tax arrears certificate, and none of the circumstances denominated by the court as the "identifiable events showing a loss." It is accordingly unnecessary to consider whether the court intended to limit the application of its pronouncements to the particular case under consideration or to narrow the scope of the cases previously decided. Cf. *J. C. Hawkins*, 34 B. T. A. 918; *A. J. Schwarzler Co.*, 3 B. T. A. 535; *Greenleaf Textile Corporation*, 26 B. T. A. 737; affd., 65 Fed. (2d) 1017; *Coalinga-Mohawk Oil Co.*, 25 B. T. A. 261; affd., 64 Fed. (2d) 262; certiorari denied, 290 U. S. 637.

*Decision will be entered for the respondent.*